1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ERICK SANCHEZ, *et al*,

     Plaintiffs,

v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,

     Defendant.

Case No. 2:11-CV-01507-KJD -RJJ

**ORDER**

     Before the Court is Plaintiffs Erick and Tania Sanchez's Motion to Remand (#11). Defendant American Family Mutual Insurance Company has filed an opposition (#13) and Plaintiffs have filed a reply (#14).  Defendants filed a supplemental brief in opposition (#11) and Plaintiffs filed a supplemental reply (#27).

I. Background

     Plaintiffs were injured in an automobile accident which occurred on August 10, 2010. Plaintiffs are seeking to claim payments pursuant to an underinsured motorist policy ("UIM") issued by Defendant. The UIM policy limits are $25,000 per person. Plaintiffs filed a complaint in the Eighth Judicial District in August 2011 asserting causes of action for breach of contract, bad faith breach of the covenant of good faith and fair dealing, and violations of the Nevada Unfair Trade

1   Practices Act NRS 686A.310, *et seq*. On September 20, 2011, Defendant removed the action to this

2   Court based on diversity jurisdiction.

3          Plaintiffs filed a Motion to Remand (#11) on October 14, 2011.  On April 16, 2012 the Court

4   issued an Order (#24) setting oral argument on the Motion to Remand and directing the parties "to

5   address the issue of awards involving similar claims in this district."  At the hearing, Defendant was

6   not prepared to show the Court awards from Nevada courts involving similar claims.  The Court

7   ordered Defendant to file a supplemental brief with citations to relevant cases and ordered Plaintiffs

8   to respond.

9   II. Discussion

10          Any civil action may be removed to federal district court so long as original jurisdiction

11   would lie in the court to which the case is removed. 28 U.S.C. § 1441(a). This Court has original

12   jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of

13   $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. §

14   1332(a)(1). To determine whether the amount in controversy has been met, "the status of a case as

15   disclosed by a plaintiff's complaint is controlling in the case of a removal...." St. Paul Mercury

16   Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938); see also Paschinger v. MGM Grand Hotel-Las

17   Vegas, Inc., 802 F.2d 362, 363-64 (9th Cir.1986). Where it is not facially evident from the complaint

18   that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the

19   evidence, that the amount in controversy meets the jurisdictional threshold. Matheson v. Progressive

20   Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir.2003) (citing Sanchez v. Monumental Life Ins. Co.,

21   102 F.3d 398, 403-04 (9th Cir.1996)). "If it is unclear what amount of damages the plaintiff has

22   sought ... then the defendant bears the burden of actually proving the facts to support jurisdiction,

23   including the jurisdictional amount." Krajca v. Southland Corp., 206 F.Supp.2d 1079, 1081

24   (D.Nev.2002) (emphasis in original) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992)).

25   Thus, the court will consider "facts presented in the removal petition as well as any

26   summary-judgment-type evidence relevant to the amount in controversy at the time of removal."

1    Matheson, 319 F. At 1090. Where doubt regarding the right to removal exists, a case should be

2    remanded to state court. Id.

3         Here, Plaintiffs argue that the court lacks jurisdiction because the total amount of the policy

4    limits for both Plaintiffs is $50,000. In opposition, Defendant argues that the amount in controversy

5    is satisfied because Plaintiffs are also requesting punitive damages and attorneys' fees in their

6    complaint. Generally, the amount in controversy may be satisfied by all of a plaintiff's claims for

7    damages, including attorneys' fees and punitive damages. See Kroske v. U.S. Bank Corp., 432 F.3d

8    976, 980 (9th Cir.2005). However, the mere possibility of an award of attorneys' fees or punitive

9    damages is not sufficient to prove that the amount in controversy has been met. In order to meet its

10   burden for removal, Defendant must present evidence indicating the amount of punitive damages

11   Plaintiffs will seek is more likely than not sufficient to increase the amount in controversy to

12   $75,000. See McCaa v. Massachusetts Mutual Life Insurance Company, 330 F.Supp.2d 1143, 1149

13   (D.Nev.2004).

14        Defendant cites Amber Cabrera v. American Family Insurance Company, Case No. A521507

15   Eighth Judicial District Court of Nevada (April 16, 2009).  That case involved similar facts, where

16   there was a denial of a UIM claim with allegations of bad faith and violations of the Unfair Claims

17   Practices Act.  The jury awarded $90,000 in compensatory and $25,000 in punitive damages.

18   Defendant also cites Miller v. Allstate Insurance Company, Case No. A505614 Eighth Judicial

19   District Court of Nevada (February 10, 2011).  There, the insurer failed to timely interplead policy

20   limits of $25,000 and the jury awarded $1,561,350.84 in damages.  Defendant also cites Tracey v.

21   American Family Insurance Company, Case No. 2:09-CV-1257-GMN-PAL (D. Nev, 2010) where

22   plaintiff asserted claims for breach of contract, bad faith, and violations of the Unfair Claims

23   Practices Act associated with the denial of a UIM claim.  The similar claims in that case resulted in a

24   $50,000 award for breach of contract and a $150,000 award for the Unfair Claims Practices Act

25   violations.  Defendant cites several more cases from Nevada courts where sizeable awards of

26   compensatory and punitive damages were rendered on claims similar to those at issue here. Plaintiffs

3

1    provide no contrary authority in their opposition.  Instead they argue that the amount in controversy

2    cannot be known at this point in the case and assert the truism that every personal injury case is

3    different and therefore valued differently.

4        The Court is convinced that it is more likely than not that the amount in controversy exceeds

5    $75,000 based on verdicts in similar cases.  Because all the requirements for jurisdiction under 28

6    U.S.C. § 1332(a)(1) have been met, the Court denies the Motion to Remand.

7    III. Conclusion

8        **IT IS HEREBY ORDERED THAT** Plaintiffs' Motion to Remand (#11) is **DENIED**.

9    DATED this 2nd day of May 2012.

10

11

12                   _____

13                   Kent J. Dawson
                     United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26