**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ERICK SANCHEZ and TANIA SANCHEZ,<br><br>    Plaintiffs,<br><br>v.<br><br>AMERICAN FAMILY MUTUAL<br>INSURANCE COMPANY,<br><br>    Defendants. | 2:11-cv-01507-KJD-RJJ<br><br>**ORDER**<br><br>Defendant's Motion to Disqualify Dennis Prince, Esq. And te Law Firm of Prince and Keating as Plaintiff's Counsel (#15) |

This case came before the Court for a hearing on Defendant's Motion to Disqualify Plaintiff's Counsel and law firm (#15). The Court also considered Plaintiffs' Opposition (#21) and Defendant's Reply (#22), as well as the argument and presentations of counsel at the hearing (#23).

**BACKGROUND**

This case arose from an automobile accident. The Plaintiffs, who were in the automobile accident, were insured through American Family and had Under Insured Motorist (UIM) coverage. The Plaintiffs demanded the UIM policy limits and American Family either refused or ignored the demand. On August 8, 2011, attorney Dennis Prince, Esq. (Prince), on behalf of the Plaintiffs, filed the present case against American Family in the District Court of Clark County, Nevada. The Complaint asserts causes of action for breach of contract, bad faith, and violation of the Nevada Unfair Claims Practices Act. The Plaintiffs also seek punitive damages. On September 20, 2011, the case was removed to federal court. See Petition for Removal (#1).

Prior to any event leading to the present case, Prince was counsel for American Family for seven years, from 2003 to 2010. During that time Prince defended American Family in

approximately eighteen different lawsuits involving causes of action for breach of contract, bad faith, and violation of the Nevada Unfair Claims Practices Act. Based on Prince's prior representation of American Family, American Family has moved to disqualify Prince from the current action.

## DISCUSSION

Federal courts apply state law in determining matters of disqualification. *In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000). Under the Local Rules, attorneys practicing before this Court are required to act in accordance with the Model Rules of Professional Conduct as adopted and amended by the Supreme Court of Nevada. LR IA 10-7(a). Under those rules,

> "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." Supreme Court Rule 1.9(a).

As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification. *Kasza v. Browner*, 133 F.3d 1159, 1171 (9th Cir. 1998). To prevail on a motion to disqualify, the party seeking disqualification must show: (1) the moving party had an attorney-client relationship with the lawyer; (2) the former representation of the client and the current matter are substantially related; and (3) the current representation is adverse to the party seeking disqualification. *Nevada Yellow Cab, Corp. v. Eight Judicial District Ct.*, 123 Nev. 44, 50 (2007).

In this case, Defendant has moved to disqualify Plaintiffs' counsel, Prince. Plaintiffs do not dispute that Prince previously had an attorney-client relationship with American Family. Plaintiffs also do not dispute that Prince's current representation of Plaintiffs is adverse to American Family. Therefore, the issue is whether Prince's former representation of American Family and Prince's current representation of Plaintiffs are substantially related.

I.     **Whether the former and present matter are substantially related**

To determine whether a former and present matter are substantially related, Nevada uses the three part inquiry set forth in *Waid v. Eight Judicial District Ct.*, 121 Nev. 605 (2005). Under

2

1  *Waid*, the Court must (1) make a factual determination concerning the scope of the former
2  representation, (2) evaluate whether it is reasonable to infer that the confidential information
3  allegedly given would have been given to a lawyer representing a client in those matters, ***and*** (3)
4  determine whether that information is relevant to the issues raised on the present litigation.
5  *Waid,* 121 Nev. at 610 (emphasis added).

6      The burden of proving whether two matters are the same or substantially related falls on
7  the party moving for disqualification. *Robbins v. Gillock*, 109 Nev. 1015, 1017 (1993). The
8  focus of the inquiry should be on the precise nature of the relationship between the present and
9  former representation. *Id*. A superficial resemblance between the matters is not sufficient. *Waid,*
10  121 Nev. at 610. Finally, doubts should generally be resolved in favor of disqualification.
11  *Brown v. Dist. Ct.*, 116 Nev. 1200, 1205 (2000).

12         1.    <u>Scope of the Former Representation</u>

13      The first *Waid* element requires the Court ". . . to make a factual determination
14  concerning the scope of the former representation. " *Waid*, 121 Nev. at 610. American Family,
15  citing *Nevada Yellow Cab Corp.,* argues that this inquiry is focused on whether an attorney-client
16  relationship existed prior to the matter. See Motion to Disqualify (#15) at 6 lines 9-11. However,
17  the portion of *Nevada Yellow Cab Corp*. cited by American Family references the Nevada Rules
18  of Professional Conduct discussed above, and the attorney-client relationship factor that is not
19  disputed in this case. See *Nevada Yellow Cab, Corp.,* 123 Nev. at 50. Accordingly, American
20  Family has failed to present an actual argument as to how this factor of the substantial
21  relationship test is met.

22       Prince on the other hand, argues that his prior representation of American Family was
23  limited because (a) he represented American Family only in first and third party actions, (b) he
24  had no role in shaping American Family's policies, practices, or procedures, (c) he had no direct
25  or general contact with the claims department, (d) every under insured motorist claim is unique,
26  (e) the claims handling process is unique in every case, and finally, (f) the similarity in the causes

28                                3

of action are not sufficient to warrant disqualification.

In the cases which have applied the *Waid* factors, the courts look to the specific facts of the pending and prior cases to determine whether the facts are substantially related and thus whether the scope of the prior representation interferes with the present representation. See *Nevada Yellow Cab, Corp.,* 123 Nev. 44; *Waid,* 121 Nev. 605. The specific facts of each case are examined because a superficial resemblance between the matters is not sufficient. See *Waid,* 121 Nev. at 610.

Here, therefore, the Court must look to the specific claims of each case and determine if there is a factual similarity between this case and the prior cases that affects the present representation. American Family has the burden of showing this similarity. See *Robbins*, 109 Nev. at 1017. It has failed to meet that burden. Rather, American Family asserts that because Prince formerly represented American Family in unrelated cases of the same type, Prince may "never" represent a party against American Family. See Minutes of Proceedings (#23). This argument holds no weight. Prince cannot be barred from representing clients against American Family merely because he has industry knowledge.

Accordingly, the scope of the prior representation does not affect the present representation.

    2.    <u>Whether it is reasonable to infer that the confidential information allegedly given would have been given to Prince.</u>

American Family argues that it is reasonable to infer that Prince obtained confidential information during his representation of American Family during various bad faith lawsuits. Specifically, Prince was involved in discovery, settlement negotiations, and litigation strategy sessions with American Family's house counsel. Prince contends that his prior involvement is not relevant because every under insured motorist claim is handled differently, has different adjusters, different discovery, different settlement negotiations, and different strategies.

American Family counters that although the facts of each accident are unique, all claims require a demonstration that the defendant insurer and its employees ultimately failed to follow

4

1 practices and policies established by regulation and statute.  Further, there are approximately ten
2 claims handlers in Nevada, and the methodology of investigating claims is similar among all the
3 claims handlers.  Accordingly, American Family asserts, it is reasonable to infer that over the
4 seven years in which Prince defended American Family, he obtained confidential information
5 relating to policies and procedures among other things.

6       NRCP 1.9(a) and NRCP 1.10, require the court to "evaluate whether it is reasonable to
7 infer that the confidential information allegedly given to a lawyer would have been given to a
8 lawyer representing a client in those matters. . ." *Waid*, 121 Nev. 610. A law firm opposing
9 disqualification bears the burden of showing that the firm does not currently possess or have
10 access to sources of confidential client information, particularly client documents or files. *In re*
11 *N. Am. Deed Co.*, 334 B.R. 443, 450 (Bankr. D. Nev. 2005).

12       In this case, American Family has not clearly articulated how Prince obtained any
13 confidential information.  Rather, it conceded that after it ended its relationship with Prince as
14 counsel, it removed all files and documents relating to American Family that Prince had in his
15 possession.  Further, the "information" that American Family asserts Prince gained through his
16 representation of American Family is no more than general experience any attorney representing
17 any insurance company would acquire.  Prince cannot be faulted for obtaining experience and
18 industry knowledge.

19       The Court does not ignore the fact that it is plausible Prince obtained some type of
20 "confidential information" during his seven years representing American Family in eighteen
21 cases. However, American Family has failed to identify what that information would be or that it
22 is "reasonable to infer" that such information was given.  Accordingly, the Court find that it is
23 not reasonable to infer that Prince was given confidential information.

24       3.    Whether any confidential information is relevant to the issues raised on the present litigation.
25
26       Here, there is no confidential information and thus the Court cannot evaluate its
relevancy. American Family has failed to meet all three factors of the *Waid* test and thus
27
28       5

1 disqualification s not appropriate.

2 **II.     Whether the Playbook analysis applies**

3 American Family argues that under the "Playbook Doctrine," Prince should be
4 disqualified because during his representation of American Family he obtained knowledge
5 regarding the strategies, decisions, and inner workings of American Family in defending bad
6 faith lawsuits. The Playbook doctrine explains that Model Rules of Prof'l Conduct R. 1.9, cmt 3,
7 states that while general knowledge of a former client's policies and practices ordinarily will not
8 preclude a subsequent representation, where specific facts are gained in a prior representation
9 that are relevant to a subsequent matter, comment 3 indicates that such a situation supports
10 disqualification. *Madukwe v. Del. State Univ.*, 552 F.Supp. 2d 452 (D. Del. 2008).

11 Here, it does not appear that Prince obtained knowledge beyond policies and practices.
12 Accordingly, this doctrine does not apply and does not support disqualification.

13 **III.    Whether American Family waived the issue of disqualification**

14 Prince asserts that American Family waived the issue of disqualification because in
15 another case with similar causes of action Prince represented a plaintiff against American Family.
16 See Case Dismissal attached as Exhibit B to Plaintiffs' Opposition (#21). That case was filed in
17 May 2011, it then settled and was dismissed in September 2011. *Id*. American Family did not
18 file a motion to disqualify in that case. According to Prince, American Family's failure to file a
19 motion to disqualify in that case shows that in this case American Family is using the motion to
20 disqualify for a tactical advantage.

21 American Family counters that it is not seeking a tactical advantage because it has
22 provided ethical issues and case law supporting it's argument. Additionally, assertions of waiver
23 of disqualification do not involve separate matters and American Family's motion was timely.

24 "Particularly strict judicial scrutiny" should be given to a motion to disqualify opposing
25 counsel because there is a possibility of abuse of tactical advantage. *Rebel Communications,*
26 *LLC v. Virgin Valley Water Dist.*, 2011 WL 677308, *5 (D. Nev. Feb. 15, 2011). However, this

27

28

is satisfied if the moving party establishes an ethical violation or factual predicate upon which the motion depends.  See *United States v. Walker River Irr. Dist.*, 2006 WL 618823, *4 (D. Nev. 2006).

      Here, the Defendant has met its burden by bringing the motion in a timely manner and presenting legitimate ethical and factual concerns.   Accordingly, based on the information before this Court, the Court finds that American Family has not waive the issue of disqualification.

## CONCLUSION

      Based on the foregoing, and good cause appearing therefore,

      IT IS HEREBY ORDERED that Defendant's Motion to Disqualify Plaintiffs' Counsel (#15) is **DENIED.**

      DATED this 28th day of September, 2012.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge