# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ERICK SANCHEZ, et al., ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> AMERICAN FAMILY MUTUAL ) <br> INSURANCE COMPANY, ) <br> ) <br> Defendant(s). ) | Case No. 2:11-cv-01507-APG-NJK <br><br> ORDER GRANTING IN PART <br> DEFENDANT'S MOTION TO <br> COMPEL <br> (Docket No. 54) |

Pending before the Court is Defendant's Motion to Compel. Docket No. 54. Plaintiffs filed a response and Defendant filed a reply. Docket Nos. 60, 61. The Court had set a hearing on this motion for May 29, 2013, *see* Docket No. 58, which is hereby **VACATED** solely for this motion. *See* Local Rule 78-2. The hearing will be held as scheduled for the motions at Docket Nos. 47 and 48. For the reasons discussed below, Defendant's Motion to Compel (Docket No. 54) is **GRANTED** in part and **DENIED** in part.

The pending motion seeks three forms of relief from the Court. First, it seeks an order compelling the production of documents regarding jewelry receipts and a car title loan, but Defendant has now withdrawn that portion of the motion. *See* Reply at 3-4. Accordingly, the motion to compel is **DENIED** as moot with respect to that discovery.

Second, Defendant seeks an order requiring Plaintiffs to provide responses to written discovery served on February 20, 2013. *See* Mot. at 12. Plaintiffs acknowledge that they failed to timely respond to that discovery and have indicated that they will now respond. *See* Response at 6. Accordingly, the motion to compel is **GRANTED** as unopposed with respect to this discovery.

//

//

1 Plaintiffs shall serve responses to this discovery within 14 days hereof.[1]

2       Third, Defendant seeks an extension of the discovery cut-off to conduct third-party discovery
3 related to Plaintiffs' medical treatment and/or employment files related to medical leave. *See* Mot.
4 at 13-14. The current discovery cut-off expired on May 9, 2013, *see* Docket No. 46 at 2, and
5 Defendant did not request an extension until it filed this motion on May 3, 2013. As such,
6 Defendant must establish excusable neglect to extend this deadline. *See, e.g.*, Local Rule 26-4; *see*
7 *also* Docket No. 46 (outlining standard for extensions). The Ninth Circuit has held that "the
8 determination of whether neglect is excusable is an equitable one that depends on at least four
9 factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential
10 impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good
11 faith." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (*citing Pioneer*
12 *Investment Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489,
13 123 L.Ed.2d 74 (1993)). Because Defendant fails to discuss the relevant standards and sufficiently
14 explain why excusable neglect exists here, the motion to extend the discovery cut-off is **DENIED**
15 without prejudice.[2]

16       Accordingly, for the reasons discussed above, Defendant's motion to compel is **GRANTED**
17 in part and **DENIED** in part.

18       IT IS SO ORDERED.

19       DATED: May 29, 2013

                                                                      NANCY J. KOPPE
                                                                      United States Magistrate Judge

---

[1] For the first time in reply, Defendant seeks an order that Plaintiffs have waived any objections to this discovery because they failed to timely respond. Reply at 4. Because this issue was raised for the first time in reply and Plaintiffs have not had an opportunity to respond, it is not properly before the Court at this time. *See, e.g.*, *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) (per curiam).

[2] The parties' failure to cite the relevant case law or discuss excusable neglect does "not relieve the district court of the duty to apply the correct legal standard." *Bateman*, 231 F.3d at 1224.